

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JURY ROMERO FERNANDEZ<br>Plaintiff, | ) JURY TRIAL DEMANDED<br>)<br>)<br>) |
| v. | )Case No.<br>) : 2:23-cv-02896-BRM-ESK<br>) |
| NRA GROUP, LLC<br>d/b/a NATIONAL RECOVERY AGENCY<br>Defendant. | )<br>)<br>)<br>)<br>) |

PLAINTIFF'S MOTION TO STRIKE THE AFFIRMATIVE DEFENSES IN NRA GROUP, LLC d/b/a NATIONAL RECOVERY AGENCY, ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Jury Romero Fernandez and files this Motion to Strike Defendant's Affirmative Defenses included in its Answer that was filed on June 22, 2023. Plaintiff states the following in support thereof:

## I. INTRODUCTION

On June 22, 2023, Defendant filed an answer that denied many of the Plaintiff's allegations and asserted eight affirmative defenses. The specific affirmative defenses in Defendant's answer that Plaintiff contends are insufficiently pled, frivolous, vague, conclusory, and without factual basis are:

i. Defendant plead; NRA alleges that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

ii. Defendant plead, NRA alleges that Plaintiff's injuries, if any, are attributed, in whole or in part, to the acts or conduct of another party or third party, including any contributory negligence on behalf of the Plaintiff.

iii. Defendant plead, NRA alleges, that Plaintiff's recovery is barred, in whole or in part, due to her failure to mitigate her damages.

iv.. Defendant plead, NRA alleges, that at all relevant times as alleged in Plaintiff's Complaint, Defendant acted in good faith and with due care and diligence, and acted with no malice or intent to injure, harm, deceive, misrepresent to, defraud, or otherwise harass Plaintiff.

v. Defendant plead, NRA alleges that Defendant is not liable to Plaintiff because any alleged violation, if true, was either unintentional or the result of a bona fide error, despite Defendant's maintenance of procedures reasonably adapted to avoid any such violations or errors. See 15 U.S.C. § 1692k.

vi. Defendant plead, NRA alleges that Any claims made by Plaintiff concerning alleged violations of the FDCPA are barred, in whole, or in part under Article III of the United States Constitution because Plaintiff has not properly and adequately alleged that she sustained any injuries as a result of Defendant's alleged conduct or otherwise established standing. As such, Plaintiff lacks sufficient standing to maintain this suit.

vii. Defendant plead, NRA alleges that Because Plaintiff lacks standing to bring this suit under Article III of the United States Constitution, Plaintiff has failed to establish the existence of an actual controversy to be decided by this Court. Accordingly, this Court lacks subject-matter jurisdiction over the claims and controversies alleged by Plaintiff.

viii. Defendant plead, NRA alleges that Plaintiff's claims are or may be barred by the applicable Statutes of Limitations.

## II. DEFENDANT'S AFFIRMATIVE DEFENSES SHOULD BE STRICKEN.

Plaintiff requests this Court to strike the Defendant's eight affirmative defenses as insufficient, frivolous, vague, conclusory, and without factual basis under Rule 12(f) of the Federal Rules of Civil Procedure. Defendant's affirmative defenses are merely boilerplate recitations that are so vague that they do not provide fair notice and significantly hinder

Plaintiff's ability to narrowly tailor discovery or adequately prepare for trial. Therefore, this Court should strike the Defendant's affirmative defenses or, in the alternative, require the Defendant to amend its affirmative defenses.

This Court is faced with the following issues: 1) Whether *Twombly's* plausibility standard should apply to the affirmative defenses pled by Defendant? 2) Are the eight affirmative defenses asserted by Defendant insufficient so as to warrant striking those defenses under Fed. R. Civ. P. 12(f)?

Federal Rule of Civil Procedure 12(f) authorizes this Court to "strike from a pleading an insufficient defense or any . . . immaterial [or] impertinent . . . matter." Fed. R. Civ. P. 12(f). Rule 12(f)'s purpose is to "to avoid the expenditure of time and money that must arise from litigating spurious issues." *Pugh v. City of Okla. City*, No. CIV-15-1070-D, 2015 U.S. Dist. LEXIS 166138, at *3 (W.D. Okla. Dec. 11, 2015) (quoting *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)). Rule 12(f) is also designed to "reinforce the requirement in Rule 8(e) that pleadings be simple, concise, and direct." 5C Charles Alan Wright & Arthur R. Miller, Federal *Practice and Procedure* § 1380 (3d. ed. 2014).

Although not generally favored, motions to strike should nonetheless be granted if the asserted defenses are insufficient as a matter of law, will confuse the issues in the case, or will otherwise prejudice the moving party. *See, e.g., Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057–61 (5th Cir. 1982); *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001); *Rodriguez v. Physician Lab. Servs., LLC*, No. 7:13-cv-622, 2014 WL 847126, at *2–3 (S.D. Tex. Mar. 4, 2014);

3

*Rice v. Reliastar Life Ins. Co.*, No. 11-cv- 44-BAJ-M2, 2011 WL 1168520, at *2–4 (M.D. La. Mar. 29, 2011). *See generally* 5C Wright & Miller, *supra*, § 1381.

### A. Defendant's boilerplate affirmative defenses are devoid of facts and insufficient under the *Twombly* standard for pleadings.

The United States Supreme Court established new pleading standards in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). These cases require plaintiffs to not only provide fair notice of their claims but also plead sufficient facts that show that the right to relief is plausible. *Ashcroft*, 556 U.S. at 663; *Twombly*, 550 U.S. at 555-56. Mere formulaic recitations of the elements of a claim for relief or "unadorned, the-defendant-harmed-me allegations," or allegations that only state "labels and conclusions" or "naked assertion[s]" "devoid of further factual enhancement" do not meet the pleading standards for a complaint. *Twombly*, 550 U.S. at 555-57. Although the Third Circuit Court has not resolved this issue, the vast majority of courts addressing this issue have held that *Twombly's* plausibility standard applies to affirmative defenses.

In *Kleppinger*, for example, the defendant asserted numerous affirmative defenses simply by listing the names of the defenses. *Kleppinger v. Texas DOT*, 2012 U.S. Dist. LEXIS 198322 (S.D. Tex. August 10, 2012). The Court concluded "to plead an affirmative defense sufficiently, a defendant must plead "only enough facts to state [an affirmative defense] that is plausible on its face." Id. at 15. In other words, "if an affirmative defense gives fair notice of the defense by alleging sufficient facts to be plausible, then the motion to strike is futile." *Id*.

1. **Holding defendants and plaintiffs to the same *Twombly* pleading standard promotes fairness amongst the parties.**

It is simply inequitable to hold Plaintiffs to a higher pleading standard than Defendants. Just as a Defendant faced with a conclusory, vague, or factually deficient complaint, a Plaintiff should not have to respond to and prepare discovery for defenses that lack factual support.

In *U.S. v. Quadrini*, the District Court reasoned that the same pleading standards must apply to Defendants and Plaintiffs alike. *United States v. Quadrini*, 2007 WL 4303213 (E.D. Mich. Dec. 6, 2007). In *Quadrini*, the Defendant pleaded ten affirmative defenses in one sentence by naming each defense in succession. Id. at 5. "[O]therwise a court could not make a Rule 12(f) determination on whether an affirmative defense is adequately pleaded under Rules 8 and/or 9 and could not determine whether the affirmative defense would withstand a Rule 12(b)(6) challenge." Id. at 11-12. Therefore, "[l]ike the plaintiff, a defendant also must plead sufficient facts to demonstrate a plausible affirmative defense, or one that has a 'reasonably founded hope' of success." *Id*. at 12.

2. ***Twombly's* interpretation of Rule 8(a)(2) applies to defenses under Rule 8(b).**

Rule 8(a)(2) requires that Plaintiffs plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). Similarly, Rule 8(b) requires that defendants "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. Pro. 8(b)(1)(a). Both subsections of Rule 8 require a "short and plain" statement in the pleading of claims and affirmative defenses. Further, "under Rule 8(c), a defendant must plead an affirmative defense with enough specificity or factual

5

particularity to give the plaintiff fair notice of the defense that is being advanced." *Joe Hand Promotions, Inc. v. Izalco, Inc.*, No. H-16-3696, 2017 WL 3130581, at *1 (S.D. Tex. Jul. 24, 2017) (Miller, J.) (quotations omitted) (citing *Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008)).

For example, in *Hayne v. Green Ford Sales, Inc.*, the court held that affirmative defenses must allege factual allegations sufficient to establish plausibility under Rule 8(b)(1)(A). *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 651 (D. Kan. Dec. 22, 2009). The court opined that Rule 8's general pleading standard, applies equally to claims and defenses. *Id.* The court reasoned that due to the parallel terminology of the "short and plain statement" language of Rule 8(a)(2) and the "short and plain terms" language of Rule 8(b)(1)(A), these rules establish the same pleading standard for claims and affirmative defenses, respectively. Id.; See also *Aguilar v. City Lights of China Restaurant*, 2011 WL 5118325, *3 (D. Md. Oct. 24, 2011).

**3. The practical purpose of *Twombly's* plausibility standard is universal to all pleadings.**

Litigation efficiency, erasing boilerplate complaints, and eliminating or at least limiting unnecessary discovery are all benefits of the *Twombly* decision. Accordingly, many courts have applied the *Twombly* standard to effectuate the same benefits. In the view of such courts, applying the heightened pleading standard to affirmative defenses serves the policy goals of *Twombly* and *Iqbal* in promoting litigation efficiency, in erasing boilerplate affirmative defenses, and in eliminating or at least limiting unnecessary discovery regarding asserted affirmative defenses.

For example, in *Burget,* the court held that the *Twombly* standard applies equally to plaintiffs and defendants, and that adverse parties should be provided enough information about an affirmative defense to allow them to tailor their discovery. *Burget v. Capital West Securities, Inc.*, No. CIV-09-1015-M, 2009 WL 4807619 (W.D. Okla. Dec. 8, 2009). The court reasoned that applying this standard to affirmative defenses was in keeping with *Twombly's* desire to avoid unnecessary discovery.

In the instant case, all or nearly all of Defendant's asserted affirmative defenses are, either, insufficiently pled or simply not affirmative defenses. Such conclusory, shotgun assertions, absent factual support and addressing the Plaintiff's complaint as a whole, as if each count was like every other count, was insufficient as a matter of law. Plaintiff can only speculate as to what the Defendant is referring to and even that is quite difficult. Applying the *Twombly* standard to Defendant's affirmative defenses would be consistent with the Supreme Court's reasoning in *Twombly* and assist the Plaintiff in eliminating, or at least, limiting unnecessary discovery in the present action.

Parties has met and conferred on the issues above on January 1, 2022.

### III. PRAYER

WHEREFORE Plaintiff prays that pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, this Court Strike Defendant's conclusory, boilerplate affirmative defenses, which are absent any factual support, and any such further relief which Plaintiff may be entitled.

**Respectfully submitted:**

*Jury Romero Fernandez*

Jury Romero Fernandez
643 Drake Avenue
Middlesex, NJ 08846
347-842-0552
bluediamond0727@gmail.com

## CERTIFICATE OF SERVICE

## CERTIFICATE OF SERVICE PURSUANT TO LCvR5.3(b)

I certify that the foregoing was served upon the parties' attorney(s) of record via U.S. Mail, Certified Mail, and electronically using Defendant's attorney/s email csalvo@salvolawfirm.com.

Dated: July 10, 2023