**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JURY ROMERO FERNANDEZ,<br><br>              Plaintiff,<br><br>   -vs-<br><br>NRA GROUP, LLC<br>d/b/a NATIONAL RECOVERY AGENCY,<br><br>              Defendant. | Civil Action No.: 2:23-cv-02896-BRM-ESK |

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**

THE SALVO LAW FIRM, P.C.

185 Fairfield Avenue, Suite 3C/3D
West Caldwell, New Jersey 07006
(973) 226-2220
(973) 900-8800 (fax)

Attorneys for Defendant,
NRA Group, LLC

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES………………………………………..…………………….ii

PRELIMINARY STATEMENT......................……………………………....................1

LEGAL ARGUMENT...........................................................................................2

    I.    PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES SHOULD BE DENIED...............................2

        A.    FRCP 8(c) Applies To Affirmative Defenses..................................3

        B.    Questions Concerning The Facts Underlying Affirmative Defenses Are Appropriate For Discovery, Not As A Basis For Striking Them From The Answer............................................3

CONCLUSION………………………………….................................................4

## **TABLE OF AUTHORITIES**

## **CASES**

Adriana M. Castro, M.D., P.A. v. Sanofi Pasteur, Inc.,
2012 U.S. Dist. LEXIS 191157 (D.N.J. Dec. 20, 2012).......................................................2

Ashcroft v. Iqbal,
556 U.S. 662 (2009)..............................................................................................................1

Bell Atl. Corp. v. Twombly,
550 U.S. 544 (2007)..............................................................................................................1

Cont'l Cas. Co. v. Crum & Forster Specialty Ins. Co.,
2021 U.S. Dist. LEXIS 15121 (D.N.J. Jan. 27, 2021).........................................................2

Eagle View Techs., Inc. v. Xactware Sols, Inc.,
325 F.R.D. 90 (D.N.J. 2018)................................................................................................2

F.T.C. v. Hope Now Modifications, LLC,
2011 U.S. Dist. LEXIS 24657 (D.N.J. Mar. 10, 2011).......................................................1

McKesson Inv. Solutions, LLC v. Trizetto Group, Inc.,
2008 U.S. Dist. LEXIS 11036 (D. Del. April 20, 2005).....................................................2

Resolution Trust Corp., v. Moskowitz,
1994 U.S. Dist. LEXIS 7114 (D.N.J. May 24, 1994)..........................................................2

Santander Bank, N.A. v. Friedman, Schuman, Appelbaum, Nemeroff & McCaffery, P.C.,
2014 U.S. Dist. LEXIS 56066 (D.N.J. April. 17, 2014)..................................................1,3

Signature Bank v. Check-X Change, LLC,
2013 U.S. Dist. LEXIS 90880 (D.N.J. June 27, 2013)....................................................2,4

Tonka Corp. v. Rose Art Indus., Inc.,
836 F. Supp. 200 (D.N.J. 1993)...........................................................................................2

Tyco Fire Prods., LP v. Victaulic Co.,
777 F. Supp.2d 893 (E.D. Pa. April 12, 2011)...................................................................3

Weed v. Ally Fin, Inc.,
  2012 U.S. Dist. LEXIS 89713 (E.D. Pa. June 28, 2012)......................................................3

## **RULES AND STATUTES**

Federal Rule of Civil Procedure 8(b)................................................................................1,3

Federal Rule of Civil Procedure 8(c)................................................................................1,3

Federal Rule of Civil Procedure 12(f)..............................................................................2,4

Defendant NRA Group, LLC d/b/a National Recovery Agency ("NRA") respectfully submits this Memorandum of Law in opposition to Plaintiff's Motion to Strike NRA's Affirmative Defenses.

## PRELIMINARY STATEMENT

Plaintiff Jury Romero Fernandez sets forth two arguments in her moving brief: (1) affirmative defenses are governed by Federal Rule of Civil Procedure 8(b), which require a defendant to provide a description of its affirmative defenses in "short and plain terms"; and (2) affirmative defenses are subject to the heightened pleading standard articulated in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Neither of these contentions is valid in the Third Circuit.

In this Circuit, affirmative defenses are not subject to FRCP 8(b) (which relates only to defenses raised by the defendant) but, rather, must satisfy FRCP 8(c), which only requires a defendant to "affirmatively state any avoidance or affirmative defense."

Courts in the Third Circuit have also consistently held that the heightened pleading standard of Twombly and Iqbal does not apply to affirmative defenses.

Thus, when considering motions to strike affirmative defenses, Third Circuit courts have found affirmative defenses insufficient only where the "defense could not possibly prevent recovery under any pleaded or inferable set of facts." Santander Bank, N.A. v. Friedman, Schuman, Appelbaum, Nemeroff & McCaffery, P.C., 2014 U.S. Dist. LEXIS 56066, *7-9 (D.N.J. April. 17, 2014) (citing F.T.C. v. Hope Now Modifications, LLC, 2011 U.S. Dist. LEXIS 24657, *3 (D.N.J. Mar. 10, 2011).

Here, Defendant's affirmative defenses satisfy FRCP 8(c). They alert Plaintiff to the issues of concern -- issues which can be discussed in more depth during written discovery and

depositions. Thus, Plaintiff's Motion to Strike Affirmative Defenses should be denied, with prejudice.

## LEGAL ARGUMENT

### I.

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES SHOULD BE DENIED**

"As a general matter, motions to strike [affirmative defenses] under Rule 12(f) are highly disfavored." Eagle View Techs., Inc. v. Xactware Sols, Inc., 325 F.R.D. 90, 95 (D.N.J. 2018). See also Tonka Corp. v. Rose Art Indus., Inc., 836 F. Supp. 200, 217 (D.N.J. 1993) ("Motions to strike affirmative defenses are unquestionably [d]isfavored by the court"); Cont'l Cas. Co. v. Crum & Forster Specialty Ins. Co., 2021 U.S. Dist. LEXIS 15121, *9 (D.N.J. Jan. 27, 2021) ("[M]otions to strike under rule 12(f) are highly disfavored"); Resolution Trust Corp., v. Moskowitz, 1994 U.S. Dist. LEXIS 7114 (D.N.J. May 24, 1994) (same).

Courts "prefer not to grant a motion to strike unless it appears to a certainty that the movant would succeed despite any state of the facts that could be proved in support of the defense." McKesson Inv. Solutions, LLC v. Trizetto Group, Inc., 2008 U.S. Dist. LEXIS 11036, *3 (D. Del. April 20, 2005). See also Adriana M. Castro, M.D., P.A. v. Sanofi Pasteur, Inc., 2012 U.S. Dist. LEXIS 191157, *11-12 (D.N.J. Dec. 20, 2012) ("An affirmative defense is insufficient as a matter of law if it cannot succeed under any circumstances . . . [A motion to strike] will generally be denied unless the allegations have no possible relation to the controversy"); Signature Bank v. Check-X Change, LLC, 2013 U.S. Dist. LEXIS 90880, *6-7 (D.N.J. June 27, 2013) ("An affirmative defense therefore, may only be stricken if the defense asserted could not possibly prevent recovery under any pleaded or inferable set of facts").

A. **FRCP 8(c) Applies To Affirmative Defenses**

"Federal Rule of Civil Procedure 8(c) sets forth a liberal pleading standard with respect to affirmative defenses, requiring the pleader only to affirmatively state any avoidance or affirmative defense. . . . [T]he affirmative defense therefore need not contain detailed factual allegations. Indeed, in light of Federal Rule of Civil Procedure 8(c)'s liberality, courts in this District have found the Twombly/Ashcroft plausibility standard inapplicable to the pleading of affirmative defenses under Rule 8(c)." Santander Bank, N.A. v. Friedman, Schuman, Appelbaum, Nemeroff & McCaffery, P.C., 2014 U.S. Dist. LEXIS 56066, *7-9 (D.N.J. April 17, 2014). See also Weed v. Ally Fin, Inc., 2012 U.S. Dist. LEXIS 89713, *14 (E.D. Pa. June 28, 2012) ("[A]ffirmative defenses are governed by Rule 8(c) alone, and not 8(b)").

Here, Defendant raises eight affirmative defenses. Each of them provides Plaintiff with fair notice of the issue that is being raised. That is sufficient pursuant to FRCP 8(c). The cases cited by Plaintiff which say otherwise, in purported support of her position, are all inapposite, as they are all from foreign jurisdictions.

B. **Questions Concerning The Facts Underlying Affirmative Defenses Are Appropriate For Discovery, Not As A Basis For Striking Them From The Answer**

In Tyco Fire Prods., LP v. Victaulic Co., 777 F. Supp.2d 893, 901-902 (E.D. Pa. April 12, 2011), the plaintiff brought an action against the defendant for patent infringement. The defendant filed an Answer to the Complaint which included several affirmative defenses. One of these was described by the Court as a "conclusory averment" -- stating only that the patent was "invalid and/or unenforceable," without any facts in support. Id. at 897. Plaintiff filed a motion to strike this affirmative defense, stating that the lack of detail did not give plaintiff "fair notice of the basis upon which the 'invalid and/or unenforceable depended." Id. at 896.

The court, in denying plaintiff's motion, stated that a party must "merely state, not show, an affirmative defense." Id. at 901. It further noted that the answers to plaintiff's questions regarding the underlying facts could be gleaned in discovery, and did not provide a basis for "striking defenses." Id.

"[E]ven in the absence of disputed facts, Rule 12(f) is not meant to afford an opportunity to determine disputed and substantial issues of law, since these questions are properly viewed as determinable only after opportunity for discovery and a hearing on the merits." Signature Bank v. Check X-Change, LLC, 2013 U.S. Dist. LEXIS 90880, *6-7 (D.N.J. June 27, 2013).

## CONCLUSION

For the foregoing reasons, Defendant NRA Group, LLC respectfully requests that Plaintiff's Motion to Strike Affirmative Defenses be denied with prejudice.

Dated:  August 7, 2023                                     THE SALVO LAW FIRM, P.C.

                                                          By: /s/ Cindy D. Salvo
                                                             CINDY D. SALVO

                                                          185 Fairfield Avenue, Suite 3C/3D
                                                          West Caldwell, New Jersey 07006
                                                          (973) 226-2220
                                                          (973) 900-8800 (fax)
                                                          *csalvo@salvolawfirm.com*

                                                          Attorneys for Defendant,
                                                          NRA Group, LLC